**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4820**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARCUS HERMAN MORRIS,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:10-cr-00029-RWT-1)

Submitted: May 17, 2012            Decided: May 25, 2012

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph M. Owens, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Adam K. Ake, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Herman Morris appeals the district court's denial of his motion to suppress evidence obtained as a result of a search and seizure by Officer Juan Nolasco. Morris entered a conditional guilty plea to possession of a firearm as a convicted felon under 18 U.S.C. § 922(g) (2006) but preserved his right to appeal the denial of the motion to suppress. For the following reasons, we affirm.

On appeal, Morris argues that the district court erred in failing to suppress the evidence obtained in violation of the Fourth Amendment. We review the factual findings underlying a district court's ruling on a motion to suppress for clear error and its legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). When evaluating the denial of a suppression motion, we construe the evidence in the light most favorable to the Government. Id.

Consistent with the Fourth Amendment, a police officer may stop a person for investigative purposes when the officer has reasonable suspicion based on articulable facts that criminal activity is afoot. United States v. Arvizu, 534 U.S. 266, 273 (2002); Terry v. Ohio, 392 U.S. 1, 22 (1968). A "seizure" warranting Fourth Amendment protection occurs when, in view of the totality of the circumstances, a reasonable person would not feel free to leave or otherwise terminate the

encounter. United States v. Lattimore, 87 F.3d 647, 653 (4th Cir. 1996). Police officers may approach an individual on a public street and ask questions without implicating the Fourth Amendment's protections. Florida v. Bostick, 501 U.S. 429, 434 (1991). The general rule is that a seizure "requires either physical force . . . or, where that is absent, submission to the assertion of authority." California v. Hodari D., 499 U.S. 621, 626 (1991).

Morris contends that Officer Nolasco violated his Fourth Amendment rights by conducting an investigatory stop without sufficient articulable suspicion. The district court found that Officer Nolasco observed Morris riding a bicycle in the middle of the street, late at night, swerving across the lanes. Officer Nolasco drove alongside Morris to ask him if he felt well enough to ride. Morris did not respond. Officer Nolasco then asked Morris to approach the car and produce identification. When the Officer began to exit his vehicle, Morris threw down his bicycle and began to flee. The district court determined that, even if Officer Nolasco's inquiries amounted to an investigatory stop, his conduct was justified by reasonable suspicion that Morris had operated his bicycle in violation of Maryland's traffic laws. See, e.g., Md. Code Ann., Transp. § 21-1202 ("Every person operating a bicycle . . . is subject to all the duties required of the driver of a vehicle .

3

. . .").  We agree and therefore reject Morris's argument that this encounter violated the Fourth Amendment.

Furthermore, although Morris was unquestionably seized after he fled and then subsequently reached into his waistband, we conclude that this conduct provided Officer Nolasco with sufficient suspicion to effectuate a seizure at that point.  See Illinois v. Wardlow, 528 U.S. 119, 124-25 (2006) (unprovoked flight provides cause for an investigative stop); United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004) (under totality of circumstances approach, due weight is given to common sense judgment of officer).

We therefore affirm the ruling of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED